UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRON CURRY, #385116,

        Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　CIVIL CASE NO. 05-CV-74112-DT
　　　　　　　　　　　　　　　　　　　　　　HONORABLE DENISE PAGE HOOD

DOUGLAS VASBINDER,

        Respondent.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

I.    Introduction

    This is a habeas case under 28 U.S.C. § 2254. Darron Curry ("Petitioner") is a state prisoner currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan. Petitioner was convicted of two counts of assault with intent to rob while armed, two counts of felonious assault, and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court in 2002 and was sentenced to concurrent terms of 15 to 30 years on each of the assault with intent to rob convictions, concurrent terms of 1 to 4 years imprisonment on each of the felonious assault convictions, and a consecutive term of two years imprisonment on the felony firearm conviction. In his pleadings, Petitioner raises claims concerning the effectiveness of trial and appellate counsel and the trial court's failure to declare a mistrial where the jury was deadlocked and where the trial court pierced the veil of judicial impartiality in questioning a prosecution witness. For the reasons set forth below, the Court dismisses without prejudice the petition for writ of habeas corpus.

1

II.     Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O"Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court remedies. Petitioner admits that he did not raise his ineffective assistance of counsel claims on appeal to the Michigan courts. Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the trial court and pursue his claims through the state appellate courts as necessary.

Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review the claims presented, such an action would deny the state courts the deference to which they are entitled under 28 U.S.C. § 2254. The state courts must first be given a fair opportunity to rule upon all of Petitioner's claims

2

before he can present those claims to this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

III.     Conclusion

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.

**IT IS SO ORDERED**.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED: November 30, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 30, 2005, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager